IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD PUCKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:17-02079-STA-egb |
| | ) | |
| CORPORAL DUSTIN WARD, | ) | |
| SERGEANT JAMIE JOHNSON, | ) | |
| WARDEN MIKE PARRIS, UNIT | ) | |
| MANAGER SMITH,[1] | ) | |
| CORRECTIONAL OFFICER | ) | |
| BRANDON ELLIS, and | ) | |
| CORRECTIONAL OFFICER | ) | |
| PHILLLIP WARD,[2] | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Before the Court is the Motion of Defendants Corporal Dustin Ward, Sergeant Jamie Johnson, Warden Mike Parris, Unit Manager Joel Smith, and Correctional Officer Phillip Ward[3] (collectively "Defendants") to Dismiss Plaintiff Donald Puckett's claims made under 42 U.S.C § 1983 ("section 1983") and Tennessee common law (ECF No. 27). Defendants first argue that

---

[1] It appears to the Court that Defendant Unit Manager Smith has been identified as Joel Smith. The Clerk is **DIRECTED** to alter Defendant Smith's name as it appears on the docket to "Unit Manager Joel Smith."

[2] Based upon the filings before the Court, it appears that Defendant Correctional Officer Philllip Ward's name is actually Phillip with two Ls. The Clerk is **DIRECTED** to correct Defendant Ward's name as it appears on the docket to "Correctional Officer Phillip Ward."

[3] Defendant Correctional Officer Brandon Ellis has not joined this Motion because he has not been served with process to be made party to this action. Thus, the collective tag "Defendants," as the Court uses it in this Order, specifically excludes Defendant Ellis.

this Court lacks jurisdiction under the Prison Litigation Reform Act, 42 U.S.C. § 1997e, (the "PLRA") because Plaintiff failed to allege compliance with the pre-suit exhaustion requirements. Second, Defendants argue that section 1983 does not permit claims under a theory of *respondeat superior*, and therefore claims against the "supervisory defendants" cannot be sustained. Defendants next argue that they are all entitled to qualified immunity for the section 1983 claims. And finally, Defendants argue that they have absolute immunity from Plaintiff's state law negligence claims. For reasons set forth below, Defendants' Motion is **GRANTED.** Plaintiff's claims against Defendants are **DISMISSED**, however, without prejudice. Plaintiff is **GRANTED** leave to amend his Complaint. Any amended complaint must be filed within thirty days of the entry of this Order.

I. PROPER MOTION BEFORE THE COURT

Plaintiff correctly mentions that when, as is the case here, a defendant has presented the Court with matters outside the pleadings in his motion to dismiss, it is appropriate for the Court to convert the motion into a motion for summary judgment. Rule 12 of the Federal Rules of Civil Procedure states that when a party moving under Rule 12(b)(6) presents matters outside the pleadings and the court does not exclude the materials, the court must treat the Rule 12(b)(6) motion as a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). The Court declines to do so today, however, and as a result must exclude the filed affidavits from its consideration of this Motion. The Court proceeds as it does because neither party has provided the Court with a statement of the material facts so as to properly assist it in discerning whether Defendant is entitled to summary judgment. *See id.*; W.D. Tenn. Local R. 56.1(a)–(b).

Therefore, the Court will continue to treat the instant Motion as a Rule 12(b)(6) motion to dismiss.

## II. BACKGROUND

The following facts as alleged by Plaintiff in his Complaint are taken as true at this stage of the proceedings. On or about February 5, 2016, Plaintiff was inmate at the Northwest Correctional Complex ("NWCX") located in Tiptonville, Lake County, TN. He was working in the kitchen at NWCX. Anthony Byrd was an inmate in close custody in a high secure area at NWCX. If Byrd was to be out of his cell, he was to be handcuffed, shackled, and escorted by two guards at all times. Byrd was released from his cell in the high secure area by a correctional officer and was allowed in the kitchen area where Plaintiff was working. Byrd then stabbed Plaintiff with a seven-and-a-half-inch knife several times. Plaintiff was transported to the Med One hospital in Memphis, Tennessee, where he was hospitalized until February 18, 2016, with serious, life-threatening injuries involving stab wounds to the internal organs of his body. It was generally known that Byrd (1) posed a great to the general population—and Plaintiff in particular, (2) was to be in close custody or very high security, and (3) was to be handcuffed, shackled, and escorted by two guards whenever he was out of his cell. But yet Byrd was allowed out of his cell without handcuffs, shackles, or an escort and then further permitted in the kitchen area, where he violently assaulted Plaintiff.

NWCX or the Tennessee Department of Corrections permitted insufficiently trained correctional officers to work in high risk and secure areas, placing the inmates at risk. Defendant Parris is the Warden of NWCX and was responsible for the operations of NWCX. Defendant Dustin Ward was the supervisor of the correctional officer who let Byrd out of his cell.

Defendant Johnson was the supervisor of the high secure area. Defendant Smith is the unit manager in charge of the area. Defendant Ellis is a correctional officer who may have let Byrd out of his cell. Defendant Phillip Ward is a correctional officer who may have let Byrd out of his cell.

**III.	STANDARD OF LAW**

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992). Legal conclusions and unwarranted factual inferences, however, need not be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976); *Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971)). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). Under Federal Rule of Civil Procedure 8, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Reilly v. Vadlamudi*, 680 F.3d 617, 622

(6th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

## IV. ANALYSIS

### A. Requirements of the PLRA

The PLRA precludes actions under federal law regarding prison conditions without exhausting all available administrative remedies first. 42 U.S.C. § 1997e(a). Defendants argue that because Plaintiff has failed to even allege that he attempted to file a prison grievance to exhaust his administrative remedies, the PLRA has deprived this Court of jurisdiction over his federal claims. Plaintiff responds that exhaustion, however, is an affirmative defense, and, therefore, an inmate need not specifically plead or demonstrate exhaustion in his complaint. Plaintiff directs the Court to *Jones v. Bock*, 549 U.S. 199 (2007), in which the Supreme Court expressly held that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 at 216. Defendants are asking the Court to dismiss this action precisely because Plaintiff failed to do something that he is not required to do. Thus, the Court finds Defendants' argument to be misguided. A dismissal on the basis of failure to demonstrate exhaustion is inappropriate at the motion-to-dismiss stage.

**B.     Failure to State a Claim**

Defendants next argue that Plaintiff fails to state a claim under section 1983 because such claims cannot be based in theories of *respondeat superior* liability. Defendants are correct that Plaintiff must demonstrate they were personally involved in the constitutional violations in order for them to be held liable under section 1983. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976); *see also Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right."). Plaintiff claims that because of the inadequate factual development at this stage of the proceedings, this issue is best resolved at the summary-judgment stage. Plaintiff has not, however, alleged the personal involvement of any Defendant in a constitutional rights violation. In other words, Plaintiff has provided no "factual content that allows the court to draw the reasonable inference that [any one of the Defendants] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Plaintiff provided specific, concrete facts in his allegations regarding Byrd's violent assault on Plaintiff's person, and Plaintiff further alleged that NWCX or the Tennessee Department of Corrections permitted insufficiently trained correctional officers in high risk areas, such as where Byrd was housed. The implication of course is that the latter allegation caused the former. But there are no factual allegations connecting the two. And even if there were, Plaintiff has failed to make these allegations about any Defendant such as to permit the Court to infer the personal involvement of a Defendant. Plaintiff's allegations are completely devoid of any reference to a

specific Defendant beyond a general statement of their roles inside NWCX. Plaintiff has failed to state a claim under section 1983. Plaintiff's section 1983 claims against Defendants are accordingly **DISMISSED** without prejudice.

### C. State Law Claims

The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims because it has dismissed all of Plaintiff's federal claims against Defendants. *See* 28 U.S.C. 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim [that is part of the same case or controversy] if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."). Therefore, Plaintiff's state claims against Defendants are **DISMISSED** without prejudice.

### D. Qualified Immunity and Absolute Immunity

The Court declines to address these issues at this time because Plaintiff's claims have been dismissed on other grounds.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendants are **DISMISSED** without prejudice. Plaintiff is **GRANTED** leave to amend his Complaint. Any amended complaint must be filed within thirty days of the entry of this Order.

**It is so ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: November 20, 2017.